IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE AC TRUST, AMOS CARTER, TRUSTEE;  *Plaintiff,*  vs.  CARMAX AUTO SUPERSTORES, INC.,  *Defendant.* | § § § § § § § § § § § § § | 5:24-CV-00984-FB-RBF |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

All pretrial matters in this action been referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 3. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, this case should be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with a Court order.

**Factual and Procedural Background**

Plaintiff The AC Trust originally filed this lawsuit in the 57th Judicial District Court of Bexar County, Texas, and served Defendant CarMax Auto Superstores, Inc. ("CarMax"), on August 5, 2024. Dkt. No. 1 at 1. Defendant CarMax removed the case to federal court, invoking the Court's diversity jurisdiction. *Id.* at 1-2. On September 6, 2024, Defendant CarMax asserted a counterclaim against Amos Carter, in his capacity as Trustee of Plaintiff The AC Trust, and a third-party complaint against Amos Carter, in his individual capacity. Dkt. No. 2. Defendant

CarMax's filing included a Certificate of Service for The AC Trust, c/o Amos Carter, but did not include a Certificate of Service for Amos Carter in his individual capacity. *See id.*

On October 31, 2024, the Court held an Initial Pretrial Conference. *See* Dkt. No. 4. Defendant CarMax appeared at the Conference through counsel of record, but Amos Carter, in his capacity as Trustee of Plaintiff The AC Trust, did not appear. *See* Dkt. No. 5. The Court ordered Plaintiff The AC Trust to show cause and justify its absence at the Initial Pretrial Conference and failure to comply with the Court's October 8, 2024, Order. Dkt. No. 6. The Order informed Plaintiff The AC Trust that failure to comply with the Order could result in dismissal of Plaintiff's claims. *Id.* The Court's Order to Show Cause was mailed to Plaintiff The AC Trust's address of record, but was returned to sender. *See* Dkt. No. 7. Plaintiff The AC Trust has not filed a response to the Court's Order or any motions or documents in the case since its removal.

The Court also ordered Defendant CarMax to file its answer, if an answer was not already on file with the Court. Dkt. No. 6. Defendant CarMax's Counterclaim references a previously filed answer, but the attachments to the Notice of Removal include no such answer, nor does the Index of State Court's File reference the filing of an answer. *See* Dkt. No. 2 at ¶ 12; Dkt. No. 1. The Notice of Removal states that "[t]he remainder of the state court file is being ordered and Defendant will supplement when it is received." Dkt. No. 1-B at 1 n. 9. The Court's Order also noted that third-party claims should be asserted and served consistent with the Federal Rules of Civil Procedure. Dkt. No. 6. As of the date of this Order, Defendant CarMax has not filed an answer, supplemented its Notice of Removal, or demonstrated proof of service of its third-party claim to Amos Carter in his individual capacity.

## Analysis

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action either *sua sponte* or on a defendant's motion for failure to prosecute or comply with a court order to "achieve the orderly and expeditious disposition of cases." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). Here, Plaintiff The AC Trust shows no intent to prosecute this lawsuit, and The AC Trust has failed to comply with at least one Court order. Indeed, The AC Trust failed to appear at the Initial Pretrial Conference and did not provide an updated mailing address to the Court in order to facilitate receipt of the Court's orders by mail. Assuming The AC Trust did not receive the Order setting the initial pretrial conference *and* the Order to Show Cause, Plaintiff The AC Trust should have known of the removal through the exercise of reasonable diligence. The fact of removal is reflected in the state case. *See* 28 U.S.C. § 1446(d).

In addition, Defendant CarMax has failed to comply with the Court's Order instructing it to file an answer in this case and has failed to serve its third-party claim on Amos Carter in his individual capacity. Further, Defendant CarMax has yet to supplement its Notice of Removal with the remainder of the State Court File. Defendant CarMax shows no intent to prosecute its counterclaim or third-party claim. Having taken the aforementioned steps to engage The AC Trust and CarMax in this case, the Court has no option but to recommend that the case be dismissed.

## Conclusion and Recommendation

For the reasons discussed above, it is recommended that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**. It is further recommended that Defendant's counterclaim and third-party claim be **DISMISSED WITHOUT PREJUDICE**.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **IT IS SO ORDERED**.

SIGNED this 10th day of March, 2025.

                                                 RICHARD B. FARRER
                                                 UNITED STATES MAGISTRATE JUDGE